

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 11, 1974

The Honorable Laurence R. Melton
Chairman, The Governor's Committee
for Employment of the Handicapped
TEC Building
Austin, Texas 78778

Opinion No. H- 420

Re: Whether architectural
barriers to use of
facilities by physically
handicapped persons
constitute discrimin-
ation under Article 4419e,
V. T. C. S.

Dear Mr. Melton:

You have requested an interpretation of Article 4419e, Sec. 3, V. T. C. S. This Article concerns the use by physically handicapped persons of public facilities. Section 3 proscribes discrimination affecting such use. You ask specifically whether architectural barriers created by curbs, steps, narrow doorways, etc., constitute discrimination as defined in the Section.

We begin with a comparative examination of Articles 4419e and 678g, V. T. C. S., which were enacted contemporaneously by the 61st Legislature.

Article 678g requires publicly-financed buildings and facilities to be constructed so as to make them accessible to the physically handicapped. The statute establishes detailed design criteria and makes the State Building Commission primarily responsible for administration and enforcement of the Act. It establishes an affirmative program to remove architectural barriers in publicly-financed facilities.

In contrast, Article 4419e makes it a misdemeanor offense to discriminate against physically handicapped persons. It proscribes discrimination such as a refusal to accept a handicapped person as a passenger on a common carrier, or a charge of additional fare for his mobility aids, such as a dog guide or wheel chair [Sec. 3(b)], or a denial of admission to a public facility by a handicapped person because of his handicap [Sec. 3(c)]. Section 3(d) of the Article further defines discrimi-nation to include:

> . . . an open and obvious refusal to allow a
> handicapped person to use or be admitted to
> any public facility, as well as discrimination
> based upon a ruse or subterfuge calculated to
> prevent or discourage a handicapped person
> from using or being admitted to a public faci-
> lity . . . .

Article 4419e does not purport to remove physical barriers to public facilities, but seeks to eliminate discriminatory policies, rules or regulations. It regulates conduct, not construction.

While the discriminatory conduct proscribed by Article 4419e could involve the intentional erection of architectural or other physical barriers to prevent access by the physically handicapped, we do not believe that the mere existence of such barriers or the failure to remove them could serve as a basis for prosecution under that Section.

### SUMMARY

> Article 4419e does not, per se, prohibit architectural
> designs which may amount to a barrier to a handicapped
> person's use of a public facility unless such design is
> intentionally formulated to prevent or discourage such use.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
*Opinion Committee*